IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CORWIN HILL,                                                          PLAINTIFF

V.                                                              NO. 4:05CV116-P-D

CHRISTOPHER EPPS, ET AL,                                           DEFENDANTS

**O P I N I O N**

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. He states that he is a member of the Rastifarian faith, which he says requires that its members wear their hair in dreadlocks. Prison authorities will not allow this, and he contends that this violates his right to freely practice his religion. He was given a Rules Violation Report (RVR) for refusing to have his hair cut, had a hearing on the RVR, was found guilty, and was punished. He contends that his hair was in plaits rather than dreadlocks, that plaits are within the legal haircut limits, that he has a right under the Religious Freedom Restoration Act and the First Amendment to wear his hair the way he did, and asks for monetary damages for the violation of his rights.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Periodic haircuts for inmates, even Rastafarians, are reasonably related to legitimate penological interests and thus do not violate the plaintiff's rights to free exercise of religion. *See, O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987). This court has held on numerous occasions that

haircuts are reasonably related also to legitimate security concerns as well. Furthermore, courts must not substitute their judgment on difficult and sensitive matters of institutional administration for the determinations of those charged with the formidable task of running a prison. *O'Lone*, 482 U.S. at 353. Plaintiff has submitted nothing whatsoever that demonstrates that Constitutional rights to the free exercise of religion have been violated by requiring that he wear his hair in a manner consistent with Mississippi Department of Corrections policy.

Additionally, federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. The plaintiff was afforded a disciplinary hearing on the RVR, thus meeting the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)).

It is clear that whether claims are habeas corpus or civil rights in nature the plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)). Since the acts complained of by plaintiff meet the due process requirements, they do not rise to the level of a constitutional violation. Therefore they must be dismissed as failing to state a cause of action upon which relief may be granted.

The court also notes that the case of *Hill v. Epps, et al,* 4:04CV286-P-D was a § 1983 complaint failed by Corwin Hill on September 17, 2004, alleging that prison authorities were violating Hill's religious beliefs by forcing him to get his hair cut in a way that was inconsistent with Rastifarian tenets. The case was dismissed with prejudice on November 3, 2004, for failure to state a cause of action upon which relief may be granted. Plaintiff is warned that he is subject to Rule 11,

Federal Rules of Civil Procedure, and any violation of that Rule may result in sanctions imposed upon him.

A final judgment in accordance with this opinion will be entered.

THIS the 30th day of June, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE