IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CORWIN HILL,                                                                                    PLAINTIFF

V.                                                                                      NO. 4:05CV116-P-D

CHRISTOPHER EPPS, ET AL,                                                          DEFENDANTS

## ORDER DENYING PLAINTIFF'S MOTION
## TO PROCEED *IN FORMA PAUPERIS*

The application for leave to proceed *in forma pauperis* (IFP) on appeal pursuant to 28 U.S.C. § 1915 is **DENIED** for the following reason:

Pursuant to 28 U.S.C. § 1915 (a) (3) and Fed. R. App. P. 24(a)(3), the court certifies that the appeal is not taken in good faith. For the reasons stated in the opinion dated June 30, 2005, the court finds that the plaintiff has failed to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S.Ct. 3383, 3394 n.4, 77 L.Ed.2d 1090 (1993) (citations and quotations omitted). Specifically the court finds that the acts complained of by plaintiff do not rise to the level of a constitutional violation. Whether claims are habeas corpus or civil rights in nature the plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*,

717 F.2d 248, 249 (5th Cir. 1983)).

Although this court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the applicant may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the appellant moves to proceed on appeal IFP, the prison authorities will be directed to collect the fees as calculated in this order.

Corwin Hill is assessed an initial partial fee of $0.00. Thereafter, the prisoner shall pay $255.00, the balance of the filing fees, in periodic installments. The appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account until appellant has paid the total filing fees of $255.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court.

If the appellant moves to proceed on appeal IFP, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collection and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

**SO ORDERED**, this the 24th day of October, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE